## N. Y. SUPERIOR COURT.

### CROSBY agt. WATTS.

*Action for accounting on purchase of stock by a broker*

Where, in an action for an accounting on the purchase of stock, the only question between the parties is, whether the purchase was joint or several, and the testimony is conflicting between them, the point will be considered settled in favor of the plaintiff as a joint purchase where it appears that the defendant had previously rendered a bill to the plaintiff for the plaintiff's share, adding interest and commission to that date, stating that the purchase was joint and containing the actual interest of each of them in the enterprise.

A broker acting in such a case, in a fiduciary capacity, should be able to show from his books, when referring to them, not only the purchase but on whose account and by whom made.

*Special Term, August,* 1875.

THIS is a suit growing out of certain stock transactions between the parties.

SPEIR, *J.* — The action is brought by the plaintiff against the defendant, a broker, for an accounting on the purchase of 200 shares of the Panama Railroad stock. The only question between the parties is whether the purchase was joint or several. The defendant claims that he bought the 200 shares on the 10th of March, 1873, paying $122.50 per share, not jointly but severally, 100 for himself and 100 for the plaintiff, and that he gave the plaintiff verbal notice only. He admits that there was no entry of the transaction in his books. He says that two days after the purchase he sold his 100 shares for $124 per share. He car-

Crosby agt. Watts.

ried the plaintiff's 100 shares until the panic, in the September following, when he 'sold out for ninety dollars, charging the plaintiff with the difference, after crediting him with two payments of $500 and $1,500 while the stock was being carried. The plaintiff claims the transaction was joint, and not several, that the defendant had no right to sell separately, and that he made the above payment as a share of their joint loss, the stocks falling and he having no information that the defendant had sold the 100 shares. The testimony is conflicting between the parties. It appears, however, that the defendant rendered a bill to the plaintiff on the 31st of May, 1873, for the plaintiff's share, adding interest and commission to that date, stating that the purchase was joint and containing the actual. interest of each of them in the enterprise. An explanation of this bill was attempted, but I think wholly failed, as the sale made by the defendant of his 100 shares two days after the purchase could not have occurred if the account rendered was true. Moreover I think a broker acting in such a case, in a fiduciary capacity, should be able to show from his books when referring to them not only the purchase, but on whose account and by whom made. The party relying upon the trusted action of his agent is entitled to this, the best evidence of fair dealing. It is unnecessary to pass upon the question raised by plaintiff's counsel, "that no purchase whatever had been made by the defendant of any stock," and I cannot allow the complaint to be amended in that respect. Nor is it necessary in my view of the case to grant the motion of defendant's counsel to strike out the testimony asked for. The complaint must be made to include the recovery of the two sums wrongfully paid to the defendant. The plaintiff is entitled to recover from the defendant the amount of the sums advanced to him with interest and costs.